Ken M. Fitzgerald, State Bar No. 143019
Barbrae Lundberg, State Bar No. 231244
**FITZGERALD & LUNDBERG**
3330 W. Mineral King Ave., Ste. H
Visalia, California 93291
Phone: (559) 733-3733
Fax: (559) 733-3987

Attorneys for Plaintiff, CHIANELLE FLORES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

-ooOoo-

| | |
|---|---|
| CHIANELLE FLORES, | CASE NO: |
| Plaintiff, | COMPLAINT FOR VIOLATION OF 42 U.S.C. 2000d; VIOLATION OF CALIFORNIA EDUCATION CODE SECTION 220; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| vs. | |
| STEVEN GREEN; NANCY POWELL; VISALIA UNIFIED SCHOOL DISTRICT; and DOES 1 through 100, inclusive | |
| Defendants. | |

Plaintiff, CHIANELLE FLORES, alleges:

**I.**

**JURISDICTION**

This is an action for violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, for discrimination based on race based on a hostile racial educational environment which excluded Plaintiff from participation in, denied Plaintiff the benefits of, and/or subjected Plaintiff to discrimination under a program or activity receiving federal financial assistance. Defendant, VISALIA UNIFIED SCHOOL DISTRICT is a recipient of federal financial assistance for the

-1-
COMPLAINT FOR VIOLATION OF 42 U.S.C. 2000d;
VIOLATION OF CALIFORNIA EDUCATION CODE SECTION 220;
AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

purposes of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.  This Complaint also seeks relief for related discrimination under state law.  This Court has jurisdiction of these claims under 28 U.S.C. section 1343, providing for original jurisdiction over claims arising from civil rights violations.  The claims asserted arising under state law arise from the same facts and circumstances as the claims arising under federal law, and form part of a single case or controversy within the meaning of Article III of the Constitution of the United States and are within this Court's supplemental jurisdiction under 28 U.S.C. section 1367.

## II.

## VENUE

Venue is appropriate in this Court under 28 U.S.C. section 1391(b) as all of the acts and events giving rise to the claim occurred within this judicial district and the defendants reside within this judicial district.

## III.

## PARTIES

1. Plaintiff, CHIANELLE FLORES ("FLORES") is, and at all times herein mention was, a resident of Tulare County, California.

2. Defendant STEVEN GREEN ("GREEN") is, and all times mentioned was, a resident of Tulare County, California. At all times mentioned herein, GREEN was employed as a softball coach at Golden West High school and was FLORES' coach.

3. Defendant NANCY POWELL ("POWELL") is, and all times mentioned was, a resident of Tulare County, California. At all times mentioned herein, POWELL was employed as the Principal at Golden West High School, and was FLORES' Principal.

4. Defendant VISALIA UNIFIED SCHOOL DISTRICT ("VUSD") is a public entity that conducts, and at all times mentioned herein was conducting, business in the County of Tulare, State of California. Defendant is a public entity designated to administer laws and programs related to the education of children. Golden West High School is an education institution owned and operated by Defendant VUSD.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is negligently responsible for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by that negligence.

6. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, are the agents and/or employees and/or parent, subsidiary or sister corporations of each other and are responsible for the acts complained of herein and in so acting were functioning as the owner, shareholder, principal, agent, servant, partner, joint-venturer, alter-ego, employee, proxy and/or managing agent of the Defendants herein, and in performing the acts mentioned herein were acting, at least in part, within the course and scope of such authority and with the permission and consent of the Defendants.

7. Plaintiff is informed and believes, and thereon alleges, that the above Defendants, managing agents, and supervisors, aided, abetted, condoned, permitted, approved, authorized and/or ratified the unlawful acts described herein.

/ / /

**IV.**

**<u>ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF</u>**

8. Plaintiff hereby incorporates by reference paragraphs 1 through 7 as though fully set forth herein.

9. FLORES is of Hispanic ancestry.

10. FLORES is informed and believes, and thereon alleges, that in or about 2006 through May 27, 2008, FLORES was attending Golden West High School, in the VUSD, whereby her softball coach, GREEN, began making racial comments in a discriminating way toward FLORES and other Hispanic students as follows:

 a. GREEN berated FLORES in front of the other softball team members;

 b. GREEN laughed when his assistant coach openly referred to Hispanic players as "cotton pickers" and "orange pickers";

 c. GREEN chose to play a freshman Caucasian girl as pitcher over more experienced, and more highly skilled Hispanic players;

 d. GREEN benched FLORES and other Hispanic players and would turn his back on them when they would walk by;

 e. After FLORES complained to Principal POWELL and the Athletic Director, TOM BUCKLEY ("BUCKLEY"), GREEN was even more hostile toward FLORES and other Hispanic players;

 f. GREEN caused a Hispanic player, Sophia Ibarra, to quit after he told her she was a cheerleader and not a softball player, but she could stay and cheer the softball team on;

FITZGERALD & LUNDBERG
3330 W. Mineral King Ave., Suite H
Visalia, CA 93291

  g. GREEN repeatedly berated Plaintiff and harassed her even after she complained to Principal POWELL and BUCKLEY.

  h. GREEN told FLORES she was overweight. GREEN also referred to other Hispanic baseball players as elephants.

11. FLORES is informed and believes, and thereon alleges that on or about August 18, 2008, within the accrual period and complying with the requirement to file a Government Tort Claim, FLORES made a claim to Defendants.

12. FLORES is informed and believes, and thereon alleges that on or about October 7, 2008, Defendants rejected FLORES' claims.

## V.

## FIRST CAUSE OF ACTION

### Violation of 42 U.S.C. 2000d

### (As to all Defendants)

13. Plaintiff hereby incorporates by reference paragraphs 1 through 12 as though fully set forth herein.

14. This is an action for violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. section 2000d, for discrimination based on race based on a hostile racial educational environment which excluded plaintiff from participation in, denied plaintiff the benefits of, and/or subjected plaintiff to discrimination under a program or activity receiving federal financial assistance.

15. Defendants, and each of them, are recipients of federal financial assistance for purposes of Title VI of the Civil Rights Act of 1964, 42 U.S.C. section 2000d.

16. At all times herein mentioned, FLORES, was, an Hispanic student of Golden West High School, located in Tulare County, California.

17. FLORES is informed and believes, and thereon alleges, that in or about 2006 through May 27, 2008, FLORES was attending Golden West High School, in the VUSD, whereby her softball coach, GREEN, began making racial comments in a discriminating way toward FLORES and other Hispanic students as follows:

> a. GREEN berated FLORES in front of the other softball team members;
>
> b. GREEN laughed when his assistant coach openly referred to Hispanic players as "cotton pickers" and "orange pickers";
>
> c. GREEN chose to play a freshman Caucasian girl as pitcher over more experienced, and more highly skilled Hispanic players;
>
> d. GREEN benched FLORES and other Hispanic players and would turn his back on them when they would walk by;
>
> e. After FLORES complained to Principal POWELL and BUCKLEY, GREEN was even more hostile toward FLORES and other Hispanic players;
>
> f. GREEN caused a Hispanic player, Sophia Ibarra, to quit after he told her she was a cheerleader and not a softball player, but she could stay and cheer the softball team on;
>
> g. GREEN repeatedly berated Plaintiff and harassed her even after she complained to Principal POWELL and BUCKLEY.
>
> h. GREEN told FLORES she was overweight. GREEN also referred to other Hispanic baseball players as elephants.

18. Plaintiff is informed and believes and thereon alleges that GREEN repeatedly engaged in the above-described acts toward Hispanics, but did not engage in these activities toward students of races other than Hispanic origin.

19. Plaintiff is informed and believes, and thereon alleges that VUSD had knowledge of

misconduct by GREEN.

20. Plaintiff is informed and believes, and thereon alleges that throughout the period of 2006 to May 2008, FLORES complained to POWELL and other employees of VUSD of the racially offensive conduct to which Plaintiff was subjected to by GREEN as described hereinabove.

21. Notwithstanding the reports of racially offensive conduct by FLORES, at no time did any officials or employees of VUSD acknowledge the racially offensive conduct directed at plaintiff and other students described hereinabove, or take any disciplinary or other action to attempt to stop the racially offensive conduct from occurring. The deliberate indifference of VUSD to the racially offensive conduct directed at plaintiff and other students and defendant's failure to have and implement a policy concerning racial harassment, or the creation of a hostile racial educational environment by GREEN excluded plaintiff from participation in, denied plaintiff the benefits of, and subjected plaintiff to discrimination on the basis of race.

22. As a proximate result of defendants' action against plaintiff, as alleged above, plaintiff has been harmed in an amount according to proof at the time of trial

23. As a direct and proximate result of Defendants' violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. section 2000d, FLORES has experienced pain and suffering, as well as permanent psychological injury, all to FLORES' general damages in an amount according to proof.

24. As a further direct and proximate result of Defendants' actions, FLORES has incurred expenses for the medical care and treatment of her emotional and psychological injuries, all to her general damage in an amount according to proof.

FITZGERALD & LUNDBERG
3330 W. Mineral King Ave., Suite H
Visalia, CA 93291

25. As a further direct and proximate result of Defendants' actions as described herein, FLORES will incur future expenses for further medical care and treatment of the emotional and psychological injuries suffered by her in an amount to be determined at trial.

26. As a further direct and proximate result of Defendants' actions as described herein, FLORES was denied college scholarship opportunities because GREEN refused to play her in the games based on her race, all to her damage in an amount according to proof at the time of trial.

27. The above-recited actions of Defendants, and each of them, in excluding FLORES from participation in, denying FLORES the benefits of, and subjecting FLORES to discrimination on the basis of race in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. section 2000d, were done with evil motive or intent, or with reckless or callous indifference to FLORES' rights.

## VI.

### SECOND CAUSE OF ACTION

### Violation of California Education Code Section 220

### (As to all Defendants)

28. Plaintiff hereby incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29. Pursuant to California Education Code section 220, "No person shall be subject to discrimination on the basis of …race or ethnicity…in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance…."

30. Based on the acts of POWELL and GREEN and VUSD as alleged hereinabove, Defendants, and each of them, have violated California Education Code Section 220.

31. As a proximate result of defendants' action against plaintiff, as alleged above, plaintiff has been harmed in an amount according to proof at the time of trial

32. As a direct and proximate result of Defendants' violation of California Education Code section 220, FLORES has experienced pain and suffering, as well as permanent psychological injury, all to FLORES' general damages in an amount according to proof.

33. As a further direct and proximate result of Defendants' actions, FLORES has incurred expenses for the medical care and treatment of her emotional and psychological injuries, all to her general damage in an amount according to proof.

34. As a further direct and proximate result of Defendants' actions as described herein, FLORES will incur future expenses for further medical care and treatment of the emotional and psychological injuries suffered by her in an amount to be determined at trial.

35. As a further direct and proximate result of Defendants' actions as described herein, FLORES was denied college scholarship opportunities because GREEN refused to play her in the games based on her race, all to her damage in an amount according to proof at the time of trial.

36. The above-recited actions of Defendants, and each of them, in excluding FLORES from participation in, denying FLORES the benefits of, and subjecting FLORES to discrimination on the basis of race in violation of California Education Code section 220, were done with evil motive or intent, or with reckless or callous indifference to FLORES' rights.

///

///

## VII.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (As to Defendant GREEN)

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38. GREEN knew, or should have known, that his intentional and malicious conduct would cause FLORES to suffer severe humiliation, mental anguish, and emotional and physical distress. GREEN'S extreme and outrageous conduct was done with the knowledge that FLORES' emotional, mental and physical distress would thereby increase, and was done with wanton and reckless disregard of the consequences to FLORES.

39. As a proximate result of GREEN'S misconduct, FLORES suffered humiliation, mental anguish, and great emotional and physical distress, and has been injured in mind and body, all to her damage in an amount to be determined at trial.

40. As a further result of the aforementioned acts, FLORES was required to and did employ counselors to examine, treat and care for her, in an amount to be determined at trial.

41. As a further direct and proximate result of Defendants' actions as described herein, FLORES was denied college scholarship opportunities because GREEN refused to play her in the games based on her race, all to her damage in an amount according to proof at the time of trial.

FITZGERALD & LUNDBERG
3330 W. Mineral King Ave., Suite H
Visalia, CA 93291

42. The aforementioned acts of defendant were wanton, malicious, and oppressive, and justified for an award of exemplary and punitive damages in an amount to be determined at trial.

## XII.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues and claims for relief in this action.

## XIII.

## PRAYER

**WHEREFORE,** Plaintiff prays judgment against Defendants as follows:

1.   For general damages in an amount according to proof;

2.   For medical and incidental expenses in an amount according to proof;

3.   For pre-judgment interest as provided for by law;

4.   For punitive damages in an amount to be determined according to proof at trial;

5.   For reasonable attorney's fees pursuant to Title 42 of the United States Code, Section 1988;

6.   For all costs of suit herein incurred; and

7.   For such other relief as the court deems proper.


Dated:  February 18, 2009                FITZGERALD & LUNDBERG


    /s/ Barbrae Lundberg
By: Barbrae Lundberg
Attorney for Plaintiff, CHIANELLE FLORES

FITZGERALD & LUNDBERG
3330 W. Mineral King Ave., Suite H
Visalia, CA 93291