# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIANELLE FLORES, | CASE NO. 1:09-CV-305 LJO GSA |
| Plaintiff, | **SCHEDULING CONFERENCE ORDER** |
| vs. | |
| STEVEN GREEN, et al., | Expert Disclosure: February 26, 2010 |
| Defendants. | Supplemental Expert Disclosure: March 19, 2010 |
| | Nonexpert Discovery Cutoff: February 4, 2010 |
| | Expert Discovery Cutoff: April 9, 2010 |
| | Pretrial Motion Filing Deadline: April 23, 2010 |
| | Pretrial Motion Hearing Deadline: May 21, 2010 |
| | Settlement Conf.: Date: April 1, 2010 Time: 10:30 am Dept.: 10 (GSA) |
| | Pretrial Conf.: Date: July 8, 2010 Time: 8:30 a.m. Dept.: 4 (LJO) |
| | Jury Trial: (10-15 days est.) Date: August 31, 2010 Time: 8:30 a.m. Dept.: 4 (LJO) |

This Court conducted a scheduling conference on May 21, 2009. Counsel Barbrae Lundberg appeared by telephone on behalf of Plaintiff, Chianelle Flores. Counsel John Rozier personally appeared on behalf of Defendants, Steven Green et al. Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule

1

for this action.

**1. Amendment To The Parties' Pleadings**

The parties do not anticipate further amendments to their respective pleadings.

**2. Consent To Magistrate Judge**

All parties do not consent to the conduct of further proceedings, including trial and entry of judgment, by a United States Magistrate Judge. Due to this Court's heavy caseload and its effect to hold to scheduled dates, the parties are encouraged to consent to conducting further proceedings by a United States Magistrate Judge.

**3. F.R.Civ.P. 26(a)(1) Initial Disclosures**

The parties shall serve their respective F.R.Civ.P. 26(a)(1) initial disclosures no later than **June 4, 2009**.

**4. Expert Witnesses**

Initial expert witness disclosures by any party shall be served no later than **February 26, 2010.** Supplemental expert witness disclosures by any party shall be served no later than **March 19, 2010.** Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

**5. Discovery Cutoffs And Limits**

    **5. Discovery Cutoffs And Limits**

All nonexpert discovery shall be completed no later than **February 4, 2010.** All expert discovery shall be completed no later than **April 9, 2010.**

**6. Pretrial Motion Schedule**

All pretrial motions, both dispositive and nondispositive shall be served <u>and filed</u> no later than

**April 23, 2010.** All pretrial dispositive and nondispositive motions shall be set before the appropriate judge for a hearing to be conducted no later than **May 21, 2010.**

Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to do so is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the Court.

At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

**7.     Mandatory Settlement Conference**

At the request of the parties, a settlement conference will be held on **April 1, 2010 at 10:30 am** before the Honorable Gary S. Austin in Department 10. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**No later than seven days prior to the settlement conference**, each party shall submit directly to the Judge Austin's chambers at gsaorders@caed.uscourts.gov, a confidential settlement conference statement. This statement should neither be filed with the clerk of the Court nor served on any other party. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Counsel are urged to request the return of their statements. If such request is not made, the Court will dispose of the statement.

The confidential settlement conference statement shall include the following:

A. A brief statement of the facts of the case;

B. A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

C. A summary of the proceedings to date;

D. An estimate of the cost and time to be expended for further pretrial and trial matters, including discovery;

E. The relief sought; and

F. The party's position on settlement, **including the amount which the party will accept to settle, realistic settlement expectations**, present demands and offers, and a history of past settlement discussions, offers, and demands.

This Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

**8. Pretrial Conference**

This Court sets a pretrial conference for **July 8, 2010 at 8:30 a.m.** in Department 4 (LJO) of this Court. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**9.     Trial Date**

A jury trial is set for **August 31, 2010 at 8:30 a.m.** in Department 4 (LJO). It is anticipated that the trial will last between ten and fifteen days. At this time, the parties request no bifurcation of issues.

**10.    Effect Of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated:   **May 22, 2009**                          **/s/ Gary S. Austin**
                                                                  **UNITED STATES MAGISTRATE JUDGE**